UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DATATERN, INC. ) | |
| ) | Civil Action No. _____ |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMAND |
| v. ) | |
| ) | |
| AMERISOURCEBERGEN ) | |
| DRUG CORP. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

In this action for patent infringement, Plaintiff, DataTern, Inc. ("DataTern" or "Plaintiff") complains against AmerisourceBergen Corporation ("Amerisource" or "Defendant") as follows:

### PARTIES

1. Plaintiff DataTern is a corporation organized and existing under the laws of Texas and has its principal place of business at 330 Madison Avenue, 31st Floor, New York, NY 10017. It is registered to do business in the Commonwealth of Massachusetts.

2. On information and belief, Defendant Amerisource is a corporation organized and existing under the laws of Delaware and has its principal place of business at 1300 Morris Drive, Suite 100, Chesterbrook, PA 19087 and a corporate mailing address of PO Box 959 Valley Forge, PA 19482.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 (federal question) and 1338 (patent actions).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). On information and belief, Amerisource has committed and/or threatened to commit acts of infringement in this district, and this action arises from those acts. Amerisource has regularly engaged in business in this Commonwealth and district and purposefully availed itself of the privilege of conducting business in this district.

## THE PATENT INFRINGED

5. Plaintiff is the owner by assignment of United States Patent No. 6,101,502 entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software" ("the '502 Patent"). The '502 Patent was issued by the United States Patent and Trademark Office ("USPTO") on August 8, 2000. Between 2007 and 2009, the USPTO reexamined the '502 Patent, reconfirming the patentability of each claim and confirming new claims added during reexamination. The USPTO issued a reexamination certificate on November 10, 2009. A true and correct copy of the '502 Patent is annexed hereto as Exhibit A.

6. The '502 Patent generally relates to methods and systems for facilitating interaction between object oriented software applications and relational databases.

7. The '502 Patent has not expired and is in full force and effect.

8. Pursuant to 35 U.S.C. § 282, the '502 Patent and each of its claims are presumed valid.

## COUNT I
## INFRINGEMENT OF THE '502 PATENT

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8 above as though fully set out herein.

10. Upon information and belief, Amerisource uses, makes, offers for sale, or sells products and/or services in the United States falling with the scope of one or more of the claims

of the '502 Patent, including but not limited to Amerisource's Pharmacy Performance Dashboard, InSite System and Good Neighbor Pharmacy Extranet. As a result, Amerisource has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '502 Patent in violation of in violation of 35 U.S.C. § 271.

11. On information and belief, Amerisource is contributing to and/or inducing the infringement of one or more of the claims of the '502 Patent by offering and/or selling its above-referenced products and/or services, or portions thereof, to customers, buyers, sellers, users and others that directly infringe the '502 Patent.

12. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '502 Patent complied with any such requirements.

13. On information and belief, Amerisource has been, and now is, aware of the existence of the '502 Patent and, its validity after re-examination by the USPTO. Despite such knowledge, Amerisource continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, with regard to the '502 Patent.

14. Amerisource has profited and continues to profit from its infringement of the '502 Patent and, unless enjoined, will continue in its refusal to remediate its infringement.

15. As a result of Defendant's infringement of the '502 Patent, Plaintiff has suffered monetary damages in an amount not yet determined and irreparably harmed.

WHEREFORE, DataTern respectfully asks this Court to enter judgment for DataTern against Amerisource and to grant DataTern the following relief:

A. A judgment under 25 U.S.C. § 271 in favor of DataTern finding that Amerisource infringes the '502 Patent;

B. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Amerisource and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parent, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '502 Patent;

C. A judgment awarding to DataTern compensable damages but not less than a reasonable royalty after taking into consideration, inter alia, the cost savings if Amerisource is permitted to continue to use DataTern's patented invention;

D. A judgment and order requiring Amerisource to pay DataTern its damages, costs, expenses, and prejudgment and post-judgment interest for Amerisource's infringement of the '502 Patent as permitted in this Court's discretion and as provided under 35 U.S.C. § 284 and an accounting to determine the proper amount of such damages;

E. A three-fold increase in damages as a result of Amerisource's willful acts of infringement;

F. A judgment and order finding that this is an exceptional case within the meaning of 36 U.S.C. § 285 and awarding to DataTern its reasonable attorney's fees; and

G. Any and all other relief to which DataTern is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff, under Fed. R. Civ. P. 38, demands a trial by jury of all issues to triable.

November 8, 2011

                      DATATERN, INC.
                      By its Attorneys:

                      /s/  Lee Carl Bromberg
William A. Zucker (BBO# 541240)
Lee Carl Bromberg (BBO# 058480)
Erik Paul Belt (BBO# 558620)
Daniel J. Kelly (BBO # 553926)
Kara A. Lynch (BBO # 659920)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
Tel: (617) 449-6500
Fax: (617) 607-9200
Email: wzucker@mccarter.com
Email: lbromberg@mccarter.com
Email: ebelt@mccarter.com
Email: dkelly@mccarter.com
Email: klynch@mccarter.com

Of Counsel:

Scott J. Nathan (BBO# 547278)
200 Homer Avenue
Ashland, MA 01721
Tel: (508) 881-0060
Email:sjnathan@mindspring.com